**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SAMUEL BUOSCIO,**

      **Plaintiff,**                               **Case No. 2:13-cv-0973**
                                                    **Judge Gregory L. Frost**
**v.**                                          **Magistrate Judge Elizabeth P. Deavers**

**GARY MOHR, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Samuel Buoscio's Objection (ECF No. 6) to the United States Magistrate Judge's November 26, 2013 Report and Recommendation (ECF No. 4), in which the Magistrate Judge (1) recommended dismissal of this action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and (2) denied Plaintiff's motion for appointment of counsel (ECF No. 2). Also before the Court is Plaintiff's motion for "default judgment" and "judgment on the pleadings." (ECF No. 3.) For the reasons that follow, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS** the Report and Recommendation, **DENIES** Plaintiff's motion to appoint counsel, **DENIES** Plaintiff's motion for default judgment, and **DISMISSES** this action.

### I.

The Court recites the following facts, as set forth in the Magistrate Judge's Report and Recommendation and set forth in the record of this matter.

Plaintiff is an inmate incarcerated in state prison, convicted in 1992 for voluntary manslaughter. Plaintiff was sentenced to an indeterminate term of from ten to 25 years imprisonment and a three-year mandatory prison term for possession of a firearm. Plaintiff

became eligible for parole in May 2001.  The Ohio Parole Board (the "Board"), a division of the

Ohio Adult Parole Authority ("APA") denied Plaintiff parole six times between July 25, 2001

and April 9, 2012.  Following the last denial of parole, the Board voted continue Plaintiff's next

parole hearing until April 1, 2015.

Plaintiff filed this action on September 30, 2013, naming as Defendants Gary Mohr

(Director of the Ohio Department of Rehabilitation and Correction) and Cynthia Mausser (Chair

of the APA) in their official capacities.  Plaintiff complains that the APA's decision to stop using

its 1998 guidelines for parole and the APA repeatedly denying him parole violate his rights

under the Equal Protection, Due Process, and *Ex Post Facto* clauses of the United States

Constitution.  Plaintiff contends that the APA is exercising its discretionary authority in an

arbitrary and capricious manner, thereby resulting in an extension of his minimum sentence and

a deprivation of his so-called "good time days."  (Compl. ¶¶ 9-10 and 14, ECF No. 1.)  Plaintiff

further alleges that the APA's rescinding of its 1998 parole guidelines results in a circumvention

of rulings in *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456 (Ohio 2002), and *Ankrom v.*

*Hageman*, No. 04AP-984, 2005 WL 737833 (Ohio Ct. App. Mar. 31, 2005).  Plaintiff also

contends that Defendants have violated Ohio Rev. Code § 2967.19 in failing to release him after

serving the minimum term of his sentence.  Finally, Plaintiff alleges that the APA is improperly

refusing to parole prisoners sentenced under Ohio's indeterminate sentencing law in order to

maintain its status as a state agency.

The Magistrate Judge conducted an initial screening of Plaintiff's complaint pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915(A).  The Magistrate Judge recommended that the Court

dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  (ECF

No. 4 at PageID# 99-105.)  The Magistrate Judge further recommended that the Court deny

Plaintiff's motion for appointment of counsel to represent him in this action.  (*Id.* at PageID# 95.)

## II.

If a party objects within the allotted time to a Magistrate Judge's report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

As the Magistrate Judge correctly explained, 28 U.S.C. § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Courts conducting initial screens under § 1915(e) apply the motion to dismiss standard.  *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  In ruling on a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief.  *Bishop v. Lucent Techs., Inc*., 520 F.3d 516, 519 (6th Cir. 2008).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."  *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Id*.  While

3

the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Upon review of the Report and Recommendation and Plaintiff's Objection in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Court finds Plaintiff's Objection to be without merit.

### III.

As an initial matter, the Court addresses Plaintiff's motion for appointment of counsel. (ECF No. 2.)  The Magistrate Judge recommended denial of this motion, finding that Plaintiff's action does not present an "extraordinary situation" that would warrant the appointment of counsel in a civil case.  (*Id.* at PageID# 95.)  *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

Plaintiff's objection to the Magistrate Judge's Report and Recommendation challenges the Magistrate's determination of the merits of this case.  Plaintiff raises no specific objection, however, to the Magistrate Judge's denial of his motion to appoint counsel.  By failing to object specifically to this part of the Report and Recommendation, Plaintiff has waived any challenge to it.  *See Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005).  Accordingly, finding no error in the Magistrate Judge's consideration of the factors governing appointment of counsel in civil cases, the Court **ADOPTS** the Magistrate Judge's recommendation to **DENY** Plaintiff's motion to appoint counsel.

**IV.**

Having denied Plaintiff's motion to appoint counsel, the Court proceeds to consider Plaintiff's objections to the Magistrate Judge's Report and Recommendation on the merits.

**A. *Defendants' Purported Failure to Respond to Plaintiff's Complaint***

Plaintiff's first objection to the Magistrate Judge's Report and Recommendation references his motion for default judgment. Plaintiff moved for default judgment and "judgment on the pleadings" as a result due to Defendants' failure to respond to his complaint. (ECF No. 3.) For that same reason, Plaintiff objects to the Magistrate Judge's recommendation that this case be dismissed.

This objection is without merit because Plaintiff is not entitled to a default judgment. The Court's docket shows no indication that either Defendant has been formally served with the summons and complaint in this action. Just as fundamentally, Plaintiff moved for default judgment without first obtaining an entry of default as contemplated by Federal Rule of Civil Procedure 55(a). An entry of default is distinct from entry of a default judgment. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also*; S.D. Ohio Civ. R. 55.1(b). The Court therefore could not enter a default judgment in Plaintiff's favor even if Defendant had been properly served with the complaint in this action. The Court may enter a default judgment only after the clerk enters a default under Rule 55(a). *Ohio State Plumbers & Pipefitters Health and Welfare Fund v. Absolute Air, Inc.*, No. 2:10-cv-228, 2010 WL 3447562, at *1 (S.D. Ohio Aug. 27, 2010). Accordingly, this objection is without merit.

**B. *"Bias" and "Contempt" of the Magistrate Judge***

Plaintiff also objects to the Magistrate Judge's recommendation because, "[t]he magistrate's duty is to apply the law and not relitigate [sic] Plaintiff's case and side with the

5

Defendants." (ECF No. 6 at PageID# 114.) Plaintiff contends that the Magistrate Judge has shown "bias" and "contempt" by siding with Defendants and disregarding the issues raised in his complaint. (*Id.*)

The Court disagrees with Plaintiff. The Magistrate Judge did not "side with the Defendants" in her assessment of the claims asserted in Plaintiff's complaint. Rather, the Magistrate Judge was abiding by her duty under 28 U.S.C. § 1915A to screen any complaint brought by a prisoner seeking redress from a government entity or officer. Under 28 U.S.C. § 1915A, the Magistrate Judge was to determine whether Plaintiff's complaint failed to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915A(b)(1).

There is nothing in the Magistrate Judge's Report and Recommendation that reveals any "bias" against Plaintiff or in favor of Defendants. Rather, the Report and Recommendation merely shows that the Magistrate Judge was carrying out the function contemplated by 28 U.S.C. § 1915A. The Court therefore finds Plaintiff's objection to be without merit.

### C.  The Merits of Plaintiff's Constitutional Claims

Plaintiff's remaining objections take issue generally with the Magistrate Judge's recommended adjudication of his constitutional claims. Plaintiff does not raise specific arguments with respect to the Magistrate Judge's legal analysis of the claims asserted in his Complaint. Absent specific objections, the Court could well find that Plaintiff has waived his right to challenge the specific determinations recommended by the Magistrate Judge. Nevertheless, in the interests of justice, the Court will deem Plaintiff to have objected to the Magistrate Judge's constitutional analysis and considers whether the Magistrate Judge's analysis is correct.

### 1.  Equal Protection

With respect to Plaintiff's equal protection claim, the Court agrees with the Magistrate Judge that Plaintiff has failed to plead a valid claim for relief.  "[G]overnment action is presumed valid if the classification of groups is rationally related to a legitimate state interest."  *Carnes v. Engler*, 76 F. App'x 79, 80 (6th. Cir. 2003) (citing *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)).  Just as in *Engler*, the Court assesses Plaintiff's equal protection claim using the rational basis test because inmates are not a suspect class and because Plaintiff's claim does not involve a fundamental right.  *Id.* at 80-81; *see also Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  "Under rational basis scrutiny, government action amounts to a constitutional violation only if it is so unrelated to the achievement of any combination of legislative purposes that the court can only conclude that the government's actions were irrational."  *Michael v. Ghee*, 498 F.3d 372, 379 (6th Cir. 2007).

The Court agrees with the Magistrate Judge that Plaintiff has not pleaded a plausible equal protection claim.  Plaintiff bases his equal protection claim solely on the theory that the APA rescinded its 1998 parole guidelines in favor of an alternative guideline and used the alternate guideline as the basis for denying him parole, which took Plaintiff beyond his minimum sentence.  Plaintiff's bare assertions that the APA committed "fraud" (which he does not plead with particularity) and/or knowingly extended his prison sentence beyond the statutory minimum are not enough to establish a plausible claim that the APA's change in parole guidelines implicates the equal protection clause.  Though the Magistrate Judge found that the complaint did not establish a reasonable inference that the APA's actions were irrational—an assessment with which the Court agrees—the Court finds that Plaintiff's equal protection claim fails for an equally fundamental reason.  Plaintiff's complaint does not explain what *classification* denied

7

him equal protection.  Though Plaintiff takes issue with the change in the guidelines, the complaint does not explain how the guidelines resulted in Plaintiff being treated differently from similarly situated parole-eligible inmates.

### 2.  Due Process

Plaintiff's complaint also pleaded a claim based on the alleged deprivation of due process.  As the Magistrate Judge noted, a prisoner (1) has no constitutional right to parole and (2) has no liberty interest in the APA's use of parole guidelines.  (Report and Recommendation, ECF No. 4 at PageID# 101.)  *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 ("There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence."); *State ex rel. Hattie v. Goldhardt*, 69 Ohio St. 3d 123, 125, 630 N.E. 2d 696 (Ohio 1994) (holding that prisoners do not have a liberty interest in the APA's use of parole guidelines).  Accordingly, due process is satisfied so long as the procedure used in parole proceedings affords the prisoner an opportunity to be heard and, if parole is denied, the parole board informs the prisoner of the basis of the decision to deny parole.  *See Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006).

In this case, Plaintiff did not plead sufficient facts from which to infer that he was deprived of an opportunity to be heard in his various parole proceedings.  Nor did Plaintiff plead facts to show that the APA failed to inform him of the bases upon which he was denied parole. Indeed, the exhibits attached to Plaintiff's complaint included the decisions denying him parole.

The Court also finds no error in the Magistrate Judge's rejection of Plaintiff's argument that his due process rights were violated because the APA ran afoul of the Ohio Supreme Court's ruling in *Layne* and the Ohio Court of Appeals' ruling in *Ankrom*.  Neither of those cases is

applicable to Plaintiff's claims for the reasons stated in the Magistrate Judge's Report and Recommendation.  (ECF No. 4 at PageID# 102-03).

Nor is the Court persuaded by Plaintiff's contention that the APA rescinded its 1998 parole guidelines in order to "circumvent" *Layne* and *Ankrom*.  *Layne* specifically recognized that the APA retains discretion to consider *any* circumstances relating to the prisoner's offense in determining parole eligibility.  *Layne*, 97 Ohio St. 3d at 464.  Moreover, the APA's use of internal guidelines does not change the discretionary nature of the APA's decision.  *Goldhardt*, 69 Ohio St.3d at 125.  Thus, the APA's decision to scrap the 1998 guidelines in favor of other considerations in its parole decisions does not support a due process claim.  Importantly, "the state of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system."  *Swihart*, 209 F. App'x at 458.

Finally, the Court also agrees with the Magistrate Judge that Plaintiff does not plead a viable due process claim based on a theory that Ohio Rev. Code § 2967.19 entitles him to release from confinement.  Nothing in the statute *mandates* an offender's release from prison simply because he has served the statutory minimum; rather, the statute simply provides that the director of the department of rehabilitation and correction *may recommend* that the sentencing court consider releasing an eligible inmate from prison.  Further, the statute is by its terms inapplicable to any prisoner serving a prison term for voluntary manslaughter, rendering Plaintiff ineligible for release under the statute in any event.  Ohio Rev. Code § 2967.19(A)(2)(a).

### 3.  *Ex Post Facto* Claim

Plaintiff also pleads a claim that Defendants have violated the *Ex Post Facto* clause of the United States Constitution.  In the parole context, an *ex post facto* violation may be established where the prisoner demonstrates a significant risk of increased punishment for his crime beyond

that prescribed when he committed it.  *Swihart*, 209 F. App'x at 459 (citing *Garner v. Jones*, 529 U.S. 244, 251 (2000)).

Even accepting Plaintiff's factual allegations as true, he states no plausible *ex post facto* claim.  Plaintiff pleads no facts from which the Court can infer that the APA's rescinding of the 1998 parole guidelines caused a *significant* risk of increased punishment beyond that prescribed by the trial court that sentenced him.  Plaintiff pleads in conclusory fashion that the APA's post-2010 procedures will result in a longer period of incarceration for him, but the complaint fails to state facts that would explain how this is so.  The Court therefore agrees with the Magistrate Judge's conclusion that Plaintiff failed to plead a valid *ex post facto* claim.

## V.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 6) and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 4).  The Court **DENIES** Plaintiff's motion to appoint counsel (ECF No. 2) and also **DENIES** Plaintiff's motion for default judgment and judgment on the pleadings (ECF No. 3.)  The Court **DISMISSES** this action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to assert any claim with an arguable basis in law.

**IT IS SO ORDERED.**

/s/ **Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**